**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HORNBECK OFFSHORE OPERATORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GE RENEWABLES US LLC,<br><br>Defendant. | Civil Action No. 1:26-CV-04776<br><br>Related to Civil Action No. 1:26-CV-04014-JSR |

## ANSWER TO THE COMPLAINT

Defendant GE Renewables US LLC ("***GERE***"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Hornbeck Offshore Operators, LLC ("***Hornbeck***"). For the sake of convenience, in this Answer GERE repeats the headings used in the Complaint but denies any implication that may be suggested by such headings. Specifically reserving all defenses asserted herein, GERE responds to the individual paragraphs of Hornbeck's Complaint as follows:

### I. NEED FOR ACTION

1. Admitted that GERE caused Hornbeck to be contacted to determine whether Hornbeck would have a vessel suitable for charter and to identify proposed terms that could be proposed to GERE management for a charter in connection with GERE's offshore-wind project, Vineyard Wind 1. Admitted that the various individuals negotiated the potential terms of a charter proposal over the course of several months in 2025. All other allegations of Paragraph 1 are denied.

2. The meaning and context of the allegation that "GERE is a sophisticated company" is unclear and is therefore denied. All other allegations of Paragraph 2 are denied.

3. Denied that any agreement existed between the parties. All other allegations of Paragraph 3 are denied.

## II. PARTIES

4. Admitted.

5. Admitted.

## III. JURISDICTION AND VENUE

6. Admitted as to this matter being a case within the admiralty and maritime jurisdiction of the United States within the meaning of Federal Rules of Civil Procedure 9(h); all other allegations of Paragraph 6, , including the allegation of a maritime contract, are denied.

7. Admitted.

## IV. FACTUAL BACKGROUND

8. Defendant is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 8, which allegations are therefore denied.

9. Admitted.

10. Defendant admits that it requested Clarksons Shipping Services USA LLC to conduct market research regarding potential vessels available for charter to provide various services in connection with GERE's work on the Vineyard Wind project; all other allegations of Paragraph 10 are denied.

11. Denied.

12. Denied.

13. Admitted that Tyler Spofford was for a time the Marine Ops Package Manager for GERE; all other allegations of Paragraph 13 are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted that the various individuals discussed the terms of a proposal by Hornbeck for the chartering of the vessel HOS BRIARWOOD; all other allegations of Paragraph 21 are denied.

22. Admitted that Tyler Spofford and Pierre Furic communicated with Hornbeck; all other allegations of Paragraph 22 are denied.

23. Admitted that various individuals conferred at various times in October 2025; all other allegations of Paragraph 23 are denied.

24. Denied.

25. Admitted that on October 31, Pierre Furic circulated a draft of a BIMCO Charter form; all other allegations of Paragraph 25 are denied.

26. Admitted that on November 5, 2025, Kevin Douglass sent to Pierre Furic a mark-up of a draft Scope of Work reflecting Hornbeck's comments and proposals. All other allegations of Paragraph 26 are denied.

27. Admitted that various individuals conferred on November 6, 2025 and that Pierre Furic circulated a draft of GERE's understanding of Hornbeck's proposed pricing of its offer of a charter and a draft of GERE's proposed Scope of Work; all remaining allegations of Paragraph 27 are denied.

28. Admitted that on November 10, 2025, Kevin Douglass sent to Pierre Furic and Jonathan Lints, with copies to several other persons, requested edits to a draft BIMCO form charter proposal; all other allegations of Paragraph 28 are denied.

29. Admitted that Clause 38 of the November 10, 2025 proposed draft of the BIMCO form identified Tyler Spofford as the contact person for GERE. All other allegations of Paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted that Tyler Spofford conferred with Hornbeck representatives; all other allegations of Paragraph 33 are denied.

34. Denied.

35. Admitted that during a call on November 13, 2025, Pierre Furic requested that Hornbeck advise on its proposed pricing for the accommodation of 52 persons on board the vessel to be proposed for charter; all other allegations of Paragraph 35 are denied.

36. Admitted that Pierre Furic sent an email to Kevin Douglass and Adam Shrives, with copies to others, on November 13, 2025, including the quote stated in Paragraph 36, among other statements; all other allegations of Paragraph 36 are denied.

37. Admitted that following November 13, 2025, various individuals continued to discuss and negotiate the terms of Hornbeck's proposal for consideration by GERE's management; all other allegations of Paragraph 37 are denied.

38. Paragraph 38 does not positively identify the document to which it refers; accordingly Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 38, which allegations are therefore denied.

39. Admitted that various individuals conferred on November 17, 2025; all remaining allegations of Paragraph 39 are denied.

40. Admitted that on November 17, 2025, Pierre Furic emailed to Kevin Douglass various comments with regard to the draft BIMCO form constituting Hornbeck's proposed charter for consideration by GERE's management; all other allegations of Paragraph 40 are denied.

41. Admitted that various individuals conferred on November 18, 2025. All other allegations of Paragraph 41 are denied.

42. Denied.

43. Defendant denies that any representations were made that would lead Hornbeck to reasonably believe that a contract had been formed and is without information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 43, which allegations are therefore denied.

44. Denied.

45. Admitted that Kevin Douglass and Pierre Furic communicated on November 19. 2025; all remaining allegations of Paragraph 45 are denied.

46. Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 46, which allegations are therefore denied.

47. Admitted that on November 21, 2025, Pierre Furich sent an email to Kevin Douglass stating "Kevin, As just discussed , we have not been able to take clear decision today. I keep you posted asap early next week." All other allegations of Paragraph 47 are denied.

48. Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 48, which allegations are therefore denied.

49. Admitted that various individuals had a call on November 26, 2025; all other allegations of Paragraph 49 are denied.

50. Denied.

51. Denied.

52. Admitted that on November 26, 2025, Tyler Boje spoke with Pierre Furic and Tyler Spofford following a conference between Tyler Spofford, Pierre Furic, and representatives of Hornbeck; all remaining allegations of Paragraph 52 are denied.

53. Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 53, which allegations are therefore denied.

54. Admitted that such a letter was sent; all other allegations of Paragraph 54 are denied.

55. Denied.

56. Denied.

57. Admitted that GERE agreed to proceed in this Court; but denied that Hornbeck had any right or basis to seek or compel arbitration.

## V. CAUSE OF ACTION

**Breach of Maritime Charter Party Fixture**

58. Paragraph 58 states an intent to incorporate the allegations or earlier paragraphs, and therefore no response is required; but to the extent a response would be required, the allegations are denied.

59. Denied.

60. Denied.

61. Defendant denies that any fixture or long-form time charter was formed; Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 61, which allegations are therefore denied.

62. Denied.

63. Paragraph 63 states a conclusion of law to which no answer is required; but to the extent a response would be required, the allegations of Paragraph 63 are denied.

64. Defendant denies that any fixture was formed or breached; Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 64, which allegations are therefore denied.

65. Defendant denies that there was a charter fixture; Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 65, which allegations are therefore denied.

66. Defendant denies that any charter was fixed or breached; Defendant is without information or knowledge sufficient to form a belief as to the other allegations of Paragraph 66, which allegations are therefore denied.

## PRAYER FOR RELIEF

The Prayers for Relief state aspirational requests and no response is required; but if a response is required, Plaintiffs' rights to such relief are denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves its right to assert such additional defenses as may be identified through the course of discovery in this matter.

Dated: June 18, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: *<u>/s/ Aldo A. Badini</u>*

Aldo A. Badini
200 Park Avenue
New York, NY 10166-4193
Aldo.Badini@winstontaylor.com

**MILLS BLACK LLP**

Thomas L. Mills
H. Allen Black
1215 19th Street, NW
Washington, DC 20036
TMills@millsblack.com
HAblack@millsblack.com

*Counsel to Petitioner*

CC: All counsel of record via ECF