**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HORNBECK OFFSHORE OPERATORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>GE RENEWABLES US LLC,<br><br>Defendant. | Civil Action No. 26-cv-04776 (JSR) |

**GE RENEWABLES US LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO COMPEL DISCOVERY</u>**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fischer v. Forrest*,
No. 14-CV-1304, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017)....3

*Ratliff v. Davis Polk & Wardwell*,
354 F.3d 165 (2d Cir. 2003)....2

*S.E.C. v. Collins & Aikman Corp.*,
256 F.R.D. 403 (S.D.N.Y. 2009)....4

**Other Authorities**

Fed. R. Civ. P. 11....4

Fed. R. Civ. P. 26....4, 5, 6, 8

Fed. R. Civ. P. 26(a)(2)....9

Fed. R. Civ. P. 26(b)....2

Fed. R. Civ. P. 26(b)(1)....2

Fed. R. Civ. P. 33....1

Fed. R. Civ. P. 34....1, 3

Fed. R. Civ. P. 34(a)....2

Fed. R. Civ. P. 34(b)(2)(B)....3

Fed. R. Civ. P. 34(b)(2)(C)....1, 2, 3

Fed. R. Civ. P. 34(b)(2)(E)....4

Fed. R. Civ. P. 37(a)(1)....2

Local Civil Rule 26.3 (S.D.N.Y. & E.D.N.Y.)....5

## PRELIMINARY STATEMENT

Defendant GE Renewables US LLC ("GERE") respectfully moves for an order compelling Plaintiff Hornbeck Offshore Operators, LLC ("Hornbeck") to strike improper boilerplate objections, produce any documents withheld on the basis of such improper objections and produce missing e-mail attachments.

Despite GERE's good-faith efforts to resolve these disputes through written correspondence and multiple conferences, Hornbeck's responses to GERE's Requests for Production ("RFPs") remain deficient in four critical respects:

(1) Hornbeck incorporated fifteen boilerplate "general objections" into every response in violation of Fed. R. Civ. P. 33 and 34;

(2) Hornbeck interposed unfounded specific objections;

(3) Hornbeck failed to state whether documents were not produced on the basis of its objections as required by Fed. R. Civ. P. 34(b)(2)(C); and

(4) Hornbeck failed to produce attachments to certain emails.

## BACKGROUND

This action arises from a dispute whether the parties had entered into a binding contract for the charter of the Service Operations Vessel ("SOV") HOS BRIARWOOD. Hornbeck alleges that the parties had agreed upon a binding contract (referred to as a "fixture") on November 13, 2025, or November 17, 2025. GERE denies that the parties reached agreement upon any such fixture.

On July 2, 2026, GERE served its First Set of RFPs and ROGs on Hornbeck. A copy of GERE's RFPs is attached as Exhibit A.

Hornbeck served its responses on August 3, 2026. A copy of Hornbeck's Responses and Objections to GERE's RFPs is attached as Exhibit B.

Those responses were replete with improper boilerplate objections and substantively deficient as explained more fully below. Further, Hornbeck's responses failed to state whether any responsive materials were being withheld on the basis of its objections, as required by Fed. R. Civ. P. 34(b)(2)(C). Despite conferences and communications between counsel, Hornbeck declined to alter its positions. Copies of the relevant correspondence are attached as Exhibits C through G.

The issues below go to the heart of this matter. For example, in response to RFP 4, Hornbeck refuses to confirm that it has produced all documents that it alleges evidence that a Charter Party was formed – the central question in this case. Full production is critical, where, as here, the documents produced to date directly contradict the allegations in Hornbeck's Complaint that the parties intended to be bound to a fixture on limited "main terms," that the parties had reached agreement on such main terms, or that Hornbeck considered itself bound to a contract.

We respectfully submit that compelling Hornbeck to strike its improper objections and either produce all responsive documents, or admit that they have none, for each RFP, is necessary to permit the efficient and just resolution of this case.

## <u>LEGAL STANDARD</u>

Discovery is proper "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Discovery rules are to be accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) (internal marks omitted). Accordingly, a party may request the production of any documents that fall within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). If the opposing party objects to discovery requests, the requesting party may file a motion to compel production after conferring in good faith with opposing counsel. Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

### I. Hornbeck's Boilerplate Objections Are Improper and Should Be Withdrawn or Deemed Waived.

Hornbeck's discovery responses begin with fifteen "general objections" that are incorporated by reference into every individual response. This practice directly violates Rule 34(b)(2)(B)'s specificity requirement and Rule 34(b)(2)(C)'s requirement that a party state whether responsive materials are being withheld. *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (holding that "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection").

Hornbeck's individual responses also repeat stock phrases such as "unduly burdensome" and "overly broad" without any factual support, precisely the type of objection that courts in this District have repeatedly rejected as "meaningless boilerplate." *Id.* at *3 ("Why is it burdensome? How is it overly broad? This language tells the Court nothing.").

*Fischer* announced a prospective waiver rule: "From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)." 2017 WL 773694, at *3. Hornbeck's responses are precisely the type of non-compliant responses that warrant such treatment.

### II. Hornbeck's Specific Objections to GERE's RFPs Are Unfounded.

Beyond the global deficiency of Hornbeck's boilerplate objections, its specific responses to individual RFPs are similarly deficient. GERE's requests and Hornbeck's responses are

provided below. Each response includes unfounded boilerplate objections and fails to state whether any documents were withheld on the basis of those objections. Further reasons why the responses are deficient are set out below.

> **GERE's Request No. 4:** All documents that Hornbeck alleges evidence that a Charter Party was formed between Hornbeck and GERE for the Vessel.
>
> **Hornbeck's Response:** Hornbeck objects to this Request to the extent it seeks attorney work product by requiring Hornbeck to identify which documents it contends "evidence" formation of the Charter Party. Subject to and without waiving these objections, Hornbeck will produce the nonprivileged documents in its possession, custody, or control concerning the negotiation and formation of the charter of the Vessel, to the extent not already produced in connection with its Rule 26 Initial Disclosures. Hornbeck's identification and production of documents in response to this Request is not exhaustive, is not a concession as to which documents are legally sufficient to establish contract formation, and is made subject to Hornbeck's right to identify additional responsive documents as its investigation and discovery continue.

**Why Hornbeck's Response to No. 4 is Deficient:**

The Request asks Hornbeck to produce the documents it contends evidence the contract that it alleges in its Complaint and that forms the basis of its Complaint. Hornbeck's work product privilege objection is meritless. *See, e.g., S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009). *Aikman* notes that Fed. R. Civ. P. 11 requires parties "to have evidentiary support for the factual allegations in their pleadings," and that Rule 34(b)(2)(E) expressly provides that a party may either produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. GERE asked no more.

Hornbeck's further attempted caviling – that it does not concede which documents are "legally sufficient to establish contract formation" (i.e., actually responsive to the request) and that it might identify other documents later – is at this stage of the matter an improper response.

We respectfully ask this Court to strike Hornbeck's objections and to direct Hornbeck to clarify its response by producing all responsive documents, or concede that it has none.

**GERE's Request No. 9:** All documents concerning drafts of the BIMCO Draft documents exchanged by the Parties, including, without limitation, all versions or drafts of the BIMCO Drafts.

**Hornbeck's Response:** Hornbeck objects to this request as vague and ambiguous. Hornbeck understands this request to encompass the versions and drafts of the BIMCO SupplyTime 2017 exchanged between the parties between June and November 2025. It is not clear, however, what "[a]ll documents concerning drafts of the BIMCO Draft documents" encompasses beyond the various circulated drafts of the BIMCO SupplyTime 2017 itself. For example, it is unclear whether this language is intended to reach internal, non-circulated communications discussing particular drafts of the BIMCO SupplyTime 2017—such as internal deliberations regarding specific terms or potential approaches to resolving disputed provisions—as opposed to the drafts themselves and the communications by which they were exchanged between the parties.

Hornbeck further objects to this request as duplicative and unduly burdensome to the extent it seeks documents beyond those responsive to Request for Production No. 7. Every document responsive to even the broadest reasonable reading of this request is already encompassed within, and will be produced pursuant to, Hornbeck's response to Request for Production 7. Requiring Hornbeck to separately search for, review, and produce the same universe of documents a second time under a different request number would serve no purpose other than to impose needless burden and expense on Hornbeck.

Subject to the foregoing objections, Hornbeck will produce all versions and drafts of the BIMCO SUPPLYTIME 2017 form in its possession, custody, or control that were exchanged between the Parties between June and November 2025, which are also encompassed within, and will be produced pursuant to, Hornbeck's response to Request for Production No. 7, to the extent not already produced in connection with Hornbeck's Rule 26 Initial Disclosures.

**Why Hornbeck's Response to No. 9 is Deficient:**

The term "BIMCO Draft documents" refers to the form of charter party that the parties exchanged with proposed revisions and comments, from version 1 to version 8. Hornbeck's claim that the request for documents concerning the BIMCO Draft documents is "ambiguous" and "unduly burdensome" is not credible. The term "concerning" is clearly defined in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York to mean "relating to, referring to, describing, evidencing, or constituting." Clearly, the term reaches "internal, non-circulated communications discussing particular drafts of the BIMCO SupplyTime 2017—such as internal deliberations." Hornbeck's internal discussions are obviously

relevant to whether Hornbeck itself understood itself to have reached a mutually binding charter with GERE, and whether it would have had an objectively reasonable basis to do so. We ask this Court to strike Hornbeck's objections and to direct Hornbeck to produce all non-privileged responsive documents.

> **GERE's Request No. 10:** All documents concerning the Early Works Agreement, including without limitation, all Hornbeck internal communications regarding the Early Works Agreement, and all standard forms and Hornbeck policies regarding the form of the Early Works Agreement.
>
> **Hornbeck's Response:** Hornbeck objects to this request on the grounds that it is vague and ambiguous. It is not clear what GERE means by "[a]ll documents concerning the Early Works Agreement." As written, this request could be read to encompass every document relevant to the charter party itself and every modification contemplated by the Early Works Agreement. Hornbeck understands this request to encompass all discussions about the Early Works Agreement and all drafts, forms, and templates used to draft the Early Works Agreement.
>
> Hornbeck further objects to this Request to the extent it seeks privileged internal communications, and objects to the phrase "all standard forms and Hornbeck policies" as overbroad and not proportional to the needs of the case.
>
> Subject to and without waiving these objections, Hornbeck will produce nonprivileged documents in its possession, custody, or control relevant to the discussion of the Early Works Agreement and drafts, forms, and templates of the same, to the extent such documents exist and were not already produced in connection with Hornbeck's Rule 26 Initial Disclosures.

**Why Hornbeck's Response to No. 10 is Deficient:**

On November 17, 2025, Hornbeck sent to GERE a proposed "Letter Agreement," referred to by the parties as an "Early Works agreement," under which GERE would pay a "non-refundable lump sum deposit" for Hornbeck to prepare the Vessel for service under a possible charter. The proposed Early Works agreement states, among other things, that:

> The Parties shall continue to use good faith efforts to negotiate a mutually agreeable Time Charter as soon as possible, however Charterers acknowledge that the Vessel remains subject to availability as determined by Owners until such time as all details of a Time Charter have been agreed to by Owners. Upon execution of the Time Charter, (i) the Letter Agreement shall automatically terminate …

GERE confirmed to Hornbeck that its understanding of the Request to reach drafts is correct, and Hornbeck stated, albeit not in writing, that it has no standard forms or policies regarding "Early Works Agreements." However, emails produced by Hornbeck concerning Early Works agreements reflected drafts as attachments, but those drafts were not produced. Hornbeck stated that it was attempting to locate such documents, but as of this date they have not been produced. We ask this Court to strike Hornbeck's ill-found objections and direct Hornbeck to produce all draft Early Works agreements and related correspondence.

> **GERE Request No. 11**: All documents and communications concerning the alleged engagement of Clarksons by GERE, including without limitation the work that Clarksons was allegedly engaged to perform and the authority, if any, given to Clarksons in connection with the chartering of the Vessel by GERE.
>
> **Hornbeck's Response:** Hornbeck objects to this Request as unduly burdensome because it is duplicative of Request for Production No. 7. Every document responsive to even the broadest reasonable reading of this Request is already encompassed by Request for Production No. 7 and will be produced pursuant to Hornbeck's response to that Request. Requiring Hornbeck to conduct a separate search for, and produce, the same universe of documents a second time under a different request number would serve no purpose other than to impose needless burden and expense on Hornbeck.
>
> Hornbeck further objects to this Request to the extent it seeks documents concerning the engagement or authority arrangements between GERE and Clarksons that are within the possession, custody, or control of GERE or Clarksons and equally or more readily available to GERE.
>
> Subject to the foregoing objections, Hornbeck refers GERE to the documents produced in response to Request for Production No. 7, which will include the documents and communications in Hornbeck's possession, custody or control concerning Clarksons's engagement and authority to act on GERE's behalf, and will supplement this response to the extent Hornbeck locates additional, non-duplicative responsive documents.

**Why Hornbeck's Response to No. 11 is Deficient:**

Hornbeck objects to the relevance of communications between Clarksons and Hornbeck beyond the Vineyard Wind 1 project. However, Hornbeck has placed Clarksons' relationship with Hornbeck, credibility, and self-interests squarely at issue through Complaint ¶¶ 11, 48, 50, 51, 52, and 56. We ask that the Court compel Hornbeck to produce all requested communications.

> **GERE Request No. 13:** All documents concerning Hornbeck's contention that it was prepared to comply with its obligations under the alleged charter of the Vessel to GERE.
>
> **Hornbeck's Response:** Hornbeck objects to this Request as vague and ambiguous and as unduly burdensome. The Request does not identify what documents or categories of documents would satisfy it, and it is reasonably susceptible to multiple interpretations. Read broadly, the request could be understood to require Hornbeck to produce all documents relating to HOS BRIARWOOD's availability, seaworthiness, staffing, and operational status, as well as every proposal, offer, and communication exchanged during the charter party negotiations. Compiling and producing this volume of material would impose a substantial burden on Hornbeck that is entirely disproportionate to the needs of the case. Hornbeck further objects to this Request to the extent it seeks attorney work product by requiring Hornbeck to identify the documents supporting a specific contention.
>
> Subject to and without waiving the foregoing objections, Hornbeck will produce relevant, non-privileged documents in its possession, custody, or control, to the extent such documents exist and were not already produced in connection with Hornbeck's Rule 26 Initial Disclosures.

**Why Hornbeck's Response to No. 13 is Deficient:**

GERE confirmed to Hornbeck that it was seeking all documents supporting Hornbeck's allegation in ¶ 61 of the Complaint that it was prepared to comply with its obligations under the alleged fixture. To date, Hornbeck has not produced any responsive documents. Hornbeck's "work-product" objection is meritless for the reasons the same objection is meritless in response to RFP 4. GERE asks this Court to strike Hornbeck's objections and direct Hornbeck to produce all responsive documents or admit that it has none.

> **GERE Request No. 14:** All documents concerning the Vessel's availability for delivery to GERE, including documents concerning the redelivery of the Vessel from any other customer, the earliest date on which the Vessel could have been delivered, and any condition, modification, certification, crewing, regulatory, or operational requirement for the delivery of the Vessel to GERE.
>
> **Hornbeck's Response:** Hornbeck objects to this Request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As written, this Request could be read to encompass every document establishing HOS BRIARWOOD's seaworthiness and her compliance with each and every regulation applicable to her operation and ability to sail. Compiling the full universe of such documents would require an unreasonable and disproportionate expenditure of time and resources, particularly where the vessel's seaworthiness and legal ability to sail are not genuinely in dispute. Hornbeck affirmatively states HOS BRIARWOOD was legally permitted to sail and available to do so, both prior to GERE's repudiation and on the agreed-upon delivery date, and she has

continued to be chartered throughout the repudiation period. Given this undisputed operational history, there is no legitimate basis to question her legal ability to sail, and no purpose would be served by requiring Hornbeck to compile an exhaustive regulatory compliance file.

Subject to the foregoing objections, Hornbeck does not have any documents responsive to this Request in its possession, custody or control.

**Why Hornbeck's Response to No. 14 is Deficient:**

GERE confirmed to Hornbeck that it was not seeking a detailed regulatory file, but rather, documentation that the Vessel was in fact available for delivery to GERE at the times alleged in the Complaint. GERE asks this Court to strike Hornbeck's objections and direct Hornbeck to produce all responsive documents or confirm that it has none.

**GERE Request No. 19:** All documents concerning the determination of the operational expenses that would have been incurred by Hornbeck in operating the Vessel during the alleged charter of the Vessel to GERE.

**Hornbeck's Response:** Hornbeck objects to this Request as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. As drafted, this Request would sweep in every cost Hornbeck incurred under the charter, including costs that would ultimately have been borne by GERE. Such information has no bearing on the damages Hornbeck seeks to recover, nor on any costs properly deductible from Hornbeck's award under governing law. Hornbeck further objects to this Request to the extent it seeks documents that are the proper subject of expert disclosure under Rule 26(a)(2).

Subject to the foregoing objections, Hornbeck does not have any documents responsive to this Request.

**Why Hornbeck's Response to No. 19 is Deficient:**

Hornbeck's response to RFP No. 19, that the operational costs avoided have "no bearing" on damages is not credible. Clearly costs avoided by not operating a vessel reduce potential damages. Likewise, Hornbeck's objection that the RFP seeks information about costs to be borne by GERE is ill-founded—the RFP expressly seeks "operational expenses that would have been incurred by Hornbeck." Hornbeck's objection regarding "expert disclosure" is also unsound—the RFP asks for documents in possession of Hornbeck, not an expert opinion; we also note that

Hornbeck's noticed expert offered no opinion on damages. We ask this Court to strike Hornbeck's objections and produce responsive documents.

### III. Hornbeck's Production Failed to Produce Attachments to various Emails

GERE notified Hornbeck both in the August 13, 2025, conference as well as its August 25, 2025 letter that nearly all of the emails Hornbeck produced in response to GERE's Requests for Production were missing the corresponding e-mail attachments. While Hornbeck's supplemental production of August 19th rectified much of this issue, GERE notified Hornbeck in its letter of September 11, 2025, that some produced emails still lacked the corresponding attachments. A list of the missing attachments is set out in Exhibit H.

Notably, for a produced email to be missing its attachment, a person would necessarily have to decide to exclude the attachment from discovery. Nothing in the name of the missing attachments indicates that they are privileged, and Hornbeck's privilege log only indicates certain emails as privileged, not attachments. GERE asks this Court to compel Hornbeck to produce the missing attachments.

## CONCLUSION

For the foregoing reasons, GERE respectfully requests this Court to direct Hornbeck to comply with its discovery obligations.

Dated: September 21, 2026

Respectfully submitted,

**MILLS BLACK LLP**

*/s/ H. Allen Black*

H. Allen Black
Thomas L. Mills
Kathryn L. Fitzgerald
1215 19th Street, NW
**Washington**, DC 20036
hablack@millsblack.com
tmills@millsblack.com
kfitzgerald@millsblack.com
*Counsel to GE Renewables US LLC*

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing memorandum of law is ten pages, and contains 3,397 words, exclusive of the caption, table of authorities, and signature block, as counted by the Microsoft Word software used to prepare this document.

*/s/ H. Allen Black*
H. Allen Black